FILED
At Albuquerque NM
JUN 3 0 2016
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 16-2928 MCA |
| | ) |
| vs. | ) Counts 1 and 3: 21 U.S.C. §§ 841(a)(1) |
| | ) and (b)(1)(B): Distribution of 5 Grams |
| **LETITIA TOYA** and | ) and More of Methamphetamine; 18 |
| **EUGENE FALES**, | ) U.S.C. § 2: Aiding and Abetting; |
| | ) |
| Defendants. | ) Counts 2 and 5: 21 U.S.C. §§ 846: |
| | ) Conspiracy; |
| | ) |
| | ) Count 4: 18 U.S.C. §§ 922(g)(1) and |
| | ) 924(a)(2): Felon in Possession of |
| | ) Firearms; |
| | ) |
| | ) Count 6: 21 U.S.C. §§ 841(a)(1) and |
| | ) (b)(1)(A): Distribution of 50 Grams and |
| | ) More of Methamphetamine; 18 U.S.C. § |
| | ) 2: Aiding and Abetting. |

## INDICTMENT

The Grand Jury charges:

### Count 1

On or about May 23, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **LETITIA TOYA** and **EUGENE FALES**, unlawfully, knowingly and intentionally distributed a controlled substance, 5 grams and more of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.

### Count 2

On or about May 25, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **LETITIA TOYA** and **EUGENE FALES**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other, and

with persons known and unknown to the Grand Jury, to commit an offense against the United States, distribution of 5 grams and more of methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

In violation of 21 U.S.C. § 846.

### Count 3

On or about May 25, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **LETITIA TOYA** and **EUGENE FALES**, unlawfully, knowingly and intentionally distributed a controlled substance, 5 grams and more of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.

### Count 4

On or about May 27, 2015, in Bernalillo County, in the District of New Mexico, the defendant, **LETITIA TOYA**, having previously been convicted of the following felony crimes punishable by imprisonment for a term exceeding one year:

(1) possession of a controlled substance,

(2) tampering with evidence,

(3) aggravated assault upon a peace officer, and

(4) trafficking with a controlled substance with intent to distribute.

knowingly possessed, in and affecting interstate commerce, firearms:

(1) a Century Arms, model GP1975, .762 rifle, serial number GP-C500801,

(2) a Ruger, model 10/22, .22 rifle, serial number 0001-17695, and

(3) a Ruger, model Mini 14, .223 rifle, serial number 188-16541.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count 5

On or about June 20, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **LETITIA TOYA** and **EUGENE FALES**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, distribution of 5 grams and more of methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

In violation of 21 U.S.C. § 846.

Count 6

On or about June 20, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **LETITIA TOYA** and **EUGENE FALES**, unlawfully, knowingly and intentionally distributed a controlled substance, 50 grams of and more of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2.

FORFEITURE ALLEGATION

The charges in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. § 841 or § 846, the defendants, **LETITIA TOYA** and **EUGENE FALES**, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which he is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses.

The property to be forfeited to the United States includes but is not limited to the

following:

MONEY JUDGMENT

A sum of money of approximately $4,710.00 in U.S. currency equal to the amount of proceeds obtained as a result of the offenses in Counts 1, 2, 3, 5 and 6.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

[signature]
Assistant United States Attorney
[initials] 06/29/16 7:51AM

4